### BOOMER v. KOON.

*Pleading — alteration of note.*

The defense that a note had been altered after execution, *held*, not admissible under a general denial.

APPEAL by defendant Koon from an order denying a new trial after a judgment in favor of plaintiff upon a verdict directed by the court.

The action was brought by George B. Boomer against Lewis E. Koon and another upon a promissory note made by said Koon. Sufficient facts appear in the opinion.

*Sedgwick, Kennedy & Tracy,* for appellant, cited *Sawyer* v. *Warner,* 15 Barb. 282; *Bealy* v. *Swartout,* 22 id. 293; *Chappell* v. *Spencer,* 23 id. 584.

*Chamberlin & Knapp,* for respondent.

Present — MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

MULLIN, P. J. This action was brought to recover the amount due on a promissory note made by the defendant Koon, for $150, bearing date October 1, 1873, and payable at the Auburn Savings Bank on the 1st of January, 1874, to the order of Oscar F. Boomer. The complaint alleged that the defendant Koon made the note and delivered the same to the payee therein named, and that said payee, before said note became due, transferred the same to the plaintiff. The defendant Koon, in his answer, denied that he

made the note, and also that he delivered it to the payee. On the trial the plaintiff called the maker, and proved by him that he signed the paper handed to him, which was the note in question.

On cross-examination, the defendant's counsel inquired of the witness whether, when he signed the note, the words "*with interest*" were in the note. The plaintiff's counsel objected to the question on the ground that the evidence was not admissible under the defendant's answer.

The court sustained the objection, and the defendant's counsel excepted. The defendant's counsel then offered to show that when the note was signed and delivered, it did not contain the words "*with interest,*" and that after execution and delivery it had been altered by adding the words "*with interest,*" and that the alteration was made without the defendant's knowledge or consent.

The plaintiff's counsel objected to the evidence — that it was not admissible under the answer. The court sustained the objection, and the defendant's counsel excepted. The note was then offered and received in evidence, and the court ordered a verdict for the plaintiff for the amount of the note and interest. The defendant's counsel moved for a new trial on the judge's minutes, and the same was denied. The defendant appeals.

The only question in this case is whether evidence of the alteration of the note, by adding the words "with interest," was admissible under the denial in the answer that the defendant had executed or delivered the note, or whether it was new matter, which, under the Code, must be set up by way of defense in the answer. This defense was admissible under the general issue before the Code (1 Chitty's Pl. 25, 311) in the action of assumpsit. It was also admissible under the plea "*non est factum*" in the action of covenant. Id. 519.

It was held in the Exchequer, in *Cook* v. *Coxwell*, 2 C. M. & W. 291, that in an action against the acceptor of a bill it was admissible for the defendant to prove, under a plea denying the acceptance, that the bill had been altered after acceptance without his consent. What the rules of pleading were in England when these cases were decided, we are not informed; but I apprehend they are not the same as are prescribed by the Code. Van Santvoord, in the 3d edition of his work on Pleading, page 565, says: "An alteration of a bill need not be pleaded if defendant deny the existence of the bill referred to in the complaint;" and after citing the case in the

Exchequer, adds: "It is safer to allege the alteration." The suggestion is a very proper one.

It is true that if a bill or other contract is altered in a material part after execution and delivery, it is no longer the contract the party executed and delivered; and in that view the denial of execution and delivery would impose upon the plaintiff the burden of proving the execution of the identical paper produced in evidence, and any evidence that it is not the same paper might, with a considerable degree of plausibility, be held admissible under the denial.

The Code requires the defendant in his answer to deny generally, or specifically, the allegations in the complaint, and to set up any new matter constituting a defense or counter-claim. The legislature intended to require the defendant in his answer, if he designed to put the plaintiff to the proof of all, or any of, the allegations in the complaint, to deny the same generally or specifically, and under such denial to permit the defendant to give in evidence any matters tending to disprove the allegations in the complaint. But if the defendant has matter of defense arising after the contract was made, and which he relies upon in bar of the action, such defense is new matter which must be set up in the answer.

The object of all pleading is to apprise the opposite party and the court of the matters that the pleader intends to rely upon to support or defeat the action, and if it falls short of this important object, it is fatally defective, and a system of pleading that would enable a party to conceal from his adversary the facts that he designs to prove would open the door to the grossest injustice and abuse. This case furnishes an apt illustration of the mischief of reinstating to any extent the general issue as it was understood at the common law. The plaintiff was required only to prove that defendant had only signed his name to the note, and had delivered the paper thus signed to some person as a binding contract. Upon this evidence the plaintiff was *prima facie* entitled to a verdict. The defendant then proposed to show that, after the contract was thus executed, it had been altered in a material part. The note may have passed through a dozen hands, each of whom was ignorant of of the alteration; now, how could the plaintiff be assumed to be prepared to meet a defense as to which no intimation was given in the answer, and nothing appeared on the face of the note

to which attention would be called or suspicion excited? I think the court was right in rejecting the evidence. We should give effect to the intention of the legislature in forming the rules of pleading prescribed by the Code, rather than the decisions of courts acting under a widely different system of pleading, especially where the one system prevents surprise and injustice, and the other permits both.

The order denying a new trial should be affirmed.

*Order affirmed.*